**Ralph P. KROPP, Plaintiff,**

v.

**GENERAL DYNAMICS CORPORATION, Defendant.**

Civ. A. No. 21160.

United States District Court
E. D. Michigan, S. D.

Feb. 7, 1962.

---

Arnold M. Gold, Detroit, Mich., for plaintiff.

Richard A. Harvey, Alexander, Buchanan & Conklin, Detroit, Mich., for defendant.

LEVIN, Chief Judge.

Plaintiff was injured by a truck owned by defendant and driven by defendant's employee, Max Casey. He is not a party to this action. At a pretrial hearing, plaintiff moved for an order compelling Casey to submit to a physical examination to determine his qualifications for driving a truck.

"The court has no jurisdiction to compel a person not a party to the action to yield his body to the invasion of the physician's instruments." Dulles v. Quan Yoke Fong, 237 F.2d 496 (9th Cir. 1956).

This case followed Fong Sik Leung v. Dulles, 226 F.2d 74 (9th Cir. 1955), which carefully considered the question here at issue. After a thorough survey of the rules of discovery and the present state of the law, it concluded that the court has no power to compel persons not parties to an action to submit to physical examination. See also the Supreme Court cases there cited and discussed.

Plaintiff refers us to Dinsel v. Pennsylvania Railroad Company, 144 F.Supp. 880 (W.D.Penn.1956). That case did not hold that an order would issue but merely that the court would consider issuing an order if the physical state of the nonparty became relevant. In any event, I believe the better rule is the one expressed in the opinions of the Ninth Circuit cited above.

Of course, Casey's privilege against invasion of his body is personal to him, and he is free to waive it if he chooses.

It is hereby ordered that the motion be, and the same is, denied.