Pamela K. LEWIS, Plaintiff,

v.

HERRMAN'S EXCAVATING, INC., Defendant.

No. 00–4036–RDR.

United States District Court, D. Kansas.

April 21, 2001.

Gene E. Schroer, Kenneth J. Morton, Schroer, Rice, P.A., Topeka, KS, for plaintiff.

Eric I. Unrein, Gary D. McCallister & Assoc., Ltd., Chicago, IL, for defendant.

## MEMORANDUM AND ORDER

O'HARA, United States Magistrate Judge.

### I.  Introduction.

This is a sexual harassment case. Pursuant to Fed.R.Civ.P. 35, the plaintiff, Pamela K. Lewis, has filed a motion which seeks to require John Moore, an employee of the defendant, Herrman's Excavating, Inc., to submit to an examination of his penis by a physician (**doc. 112**). As explained in more detail below, plaintiff has failed to show excusable neglect for not filing her Rule 35 motion within the time period previously set by the Court. Therefore, her motion must be denied as untimely. Further, even if plaintiff's belated request to extend the applicable deadline was granted, the Court finds that, under the facts presented in this case, Mr. Moore, as a non-party, cannot be compelled to submit to the requested physical examination.

### II.  Factual Background.

The final pretrial order which was filed on March 12, 2001 reflects that this case is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e. Plaintiff has asserted three separate claims of employment discrimination against defendant, *i.e.*, hostile work environment sexual harassment, *quid pro quo* sexual harassment, and retaliation. Although the facts of this case as a whole are hotly contested, the facts material to the instant motion are essentially uncontroverted.

The merits of the instant motion have been fully addressed by the parties' attorneys. The motion also has been addressed separately by Mr. Moore, *pro se*, although primarily on the basis of personal privacy rather than legal or technical grounds.

The written submissions indicate that plaintiff's sexual harassment claims are based, at least in part, on the allegation that one day Mr. Moore exposed his penis to plaintiff and asked her to perform fellatio. With regard to this allegation, in response to questions posed by her own attorney, plaintiff testified during the second day of her deposition on January 12, 2001 that she observed that Mr. Moore's penis was uncircumcised. When Mr. Moore was deposed a few weeks earlier, on December 22, 2000, he vehemently denied that he ever exposed himself to plaintiff or asked for sexual favors. But, Mr. Moore was not asked whether his penis was circumcised during approximately ninety minutes of interrogation. However, Mr. Moore's unsworn written response to plaintiff's motion states that he is circumcised. Evidently sometime during late January of 2001, Mr. Moore's wife was deposed and she testified that Mr. Moore is circumcised. With the factual dispute thus clearly drawn, plaintiff now seeks a physical examination of Mr. Moore to corroborate her testimony.

### III.  Analysis.

#### A.  Plaintiff's Delay in Seeking Relief Under Rule 35.

Plaintiff filed this case on March 21, 2000. On August 2, 2000, the Court conducted a scheduling conference with the parties' attorneys. The Court's scheduling order reflects that all discovery was to be completed by December 4, 2000. Further, that Order stated: "The parties shall complete any Fed. R.Civ.P. 35 physical or mental examinations by November 14, 2000."

On October 23, 2000, plaintiff moved to modify the scheduling order as it related to designating her expert witnesses. On October 30, 2000, the Court granted that motion and, in addition to extending both parties' expert designation deadlines, the Court extended the deadline for completion of all discovery to January 31, 2001. Significantly, however, plaintiff never sought to modify the November 14, 2000 deadline for completing

Rule 35 examinations until she filed the instant motion on February 22, 2001. This was after all discovery had closed, and indeed after the final pretrial conference had been conducted.[1]

Plaintiff suggests that the Court's scheduling order set a deadline of November 14, 2000 for requesting a physical examination. However, as discussed above, the Court actually set a deadline of November 14, 2000 for completing such an examination. The Court obviously contemplated that, in the event the parties were unwilling to make informal arrangements, any motions along these lines would be filed well in advance of November 14, 2000.

Plaintiff acknowledges that she missed the deadline for requesting an examination of Mr. Moore. Fed.R.Civ.P. 6(b)(2) provides that "[w]hen ... an act is required or allowed to be done at or within a specified time, the court for cause may at any time in its discretion ... upon motion made after the expiration of the specified period permit the act to be done when the failure to act was the result of excusable neglect ..." (emphasis added). Plaintiff contends that her motion is supported by good cause and that her failure to timely request an examination of Mr. Moore was attributable to excusable neglect. For the reasons explained below, the Court respectfully disagrees.

■ In determining whether neglect is "excusable," in addition to all other relevant circumstances surrounding a party's omission, the following specific factors must be considered:

1. the danger of prejudice to the non-moving party;

2. the length of the delay and its impact on the proceedings;

3. the reason for the delay, including whether it was under the control of the movant; and

4. whether the movant acted in good faith.

*Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

■ Defendant claims that it would be unfairly prejudiced here because it would not have the opportunity to develop rebuttal evidence if the examination were to show that Mr. Moore is uncircumcised. The Court does not believe that allowing the requested physical examination would unfairly prejudice defendant, as it is difficult to conceive as a practical matter what kind of rebuttal evidence could be developed. More to the point, though, if the examination were allowed at this juncture, Mr. Moore obviously would be prejudiced—by the sheer invasion of his privacy.

Plaintiff delayed at least one month in filing her motion. It is unclear whether allowing the physical examination at this late date, after the parties' factual contentions have been finalized by virtue of the pretrial order, would have a serious impact on these proceedings. The Court doubts that there would be much of an impact. .

Plaintiff's attorney argues that, although he conducted a thorough investigation of plaintiff's case, plaintiff did not tell him about Mr. Moore's penis being uncircumcised until after Mr. Moore had been deposed on December 22, 2000, which was more than one month after the deadline for completing a Rule 35 examination already had passed. Assuming for the sake of discussion that even a thorough client interview would have failed to unearth this interesting piece of information, and further assuming that the record is viewed in the light most favorable to plaintiff, it is uncontroverted that the information in question was known to both plaintiff and her attorney no later than January 12, 2001, as on that date plaintiff's own attorney asked about the subject matter during cross-examination in her deposition. This was approximately three weeks before the extended discovery completion deadline (January 31, 2001) and more than one month before the final pretrial conference (Febru-

---

1. Plaintiff's counsel raised this issue informally during the final pretrial conference on February 14, 2001. In order to assure that the parties and Mr. Moore could be fully heard, but without extending any deadlines or suggesting that they would be extended, the Court ordered plaintiff during the pretrial conference to file a formal motion for the requested examination.

ary 14, 2001). Yet, plaintiff waited at least forty-one days from that point before she filed her Rule 35–motion.[2]

Plaintiff argues that she waited to file a Rule 35–motion because she believed that it would be best to pursue a less intrusive means of obtaining the subject information, specifically, by taking the deposition of Mr. Moore's wife. This argument is unpersuasive. It essentially assumes that Ms. Moore would testify that her husband was uncircumcised. This was not a reasonable assumption under the circumstances. Of course, as it turned out, Ms. Moore testified differently than plaintiff supposedly anticipated. It clearly was under plaintiff's control to file a Rule 35–motion long before she did, perhaps not in advance of the deadline for completing the examination, but certainly before the deadline to complete all discovery expired.

As established above, plaintiff and her counsel made a poor tactical decision. However, there is no evidence that they failed to act in good faith.

It is clear from the parties' written submissions that, in terms of credibility and jury persuasion, whether Mr. Moore is circumcised may be critically important to the viability of plaintiff's claims.[3] If so, plaintiff's counsel should have more fully explored this subject within the deadlines earlier imposed by the Court. Upon reviewing the record as a whole in light of the relevant factors, the Court concludes that plaintiff has not demonstrated excusable neglect within the meaning of Rule 6(b)(2). Thus, her motion could and should be denied on that basis alone. However, realizing the significance of this issue to the parties and the possibility that plaintiff might seek further review, the Court will proceed to address the merits of plaintiff's motion.

**B. Physical Examinations Under Rule 35.**

The applicable rule, in pertinent part, provides:

> When the ... physical condition ... of a party or of a person in the custody or under the legal control of a party, is in controversy, the court ... may order the party to submit to a physical ... examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Fed.R.Civ.P. 35(a) (emphasis added).

Given the stark conflict in the deposition testimony to date, whether Mr. Moore is circumcised obviously is an important fact, and thus it is "in controversy." The Court finds that plaintiff has "good cause" for requesting a physical examination of Mr. Moore. There is no reasonable basis in the record to infer that plaintiff merely seeks to embarrass or harass Mr. Moore.

■ Significantly, however, Mr. Moore is not a party in this case. Under Rule 35, the legal question presented is whether Mr. Moore is "in the custody or under the legal control of" the defendant, such that the Court can order a physical examination of Mr. Moore's penis over his objection.

It seems fairly well established from the history of Rule 35 that an employee is not in an employer's "custody" or "legal control." See Fed.R.Civ.P. 35(a), Advisory Committee's Notes 1970 (noting that the 1970

---

**2.** As indicated above, during the final pretrial conference on February 14, 2001, this subject was discussed, and the Court imposed a deadline of February 20, 2001 for plaintiff to file her Rule 35 motion. Although the instant motion was served timely on February 19, 2001, it was not filed until February 22, 2001, *i.e.,* two days after the deadline established by the pretrial order.

**3.** As earlier indicated, plaintiff has taken the position that her claims in this case are only based

in part on the alleged incident during which Mr. Moore exposed himself and asked her to perform oral sex. If plaintiff were to stipulate that this particular factual issue is dispositive of her entire case, perhaps defendant and Mr. Moore would be well-advised to consider consenting to the examination. That is, if that examination were to establish that Mr. Moore is circumcised, plaintiff's credibility-and hence all of her claims in this case—might effectively "go down the drain."

amendment to Rule 35 "makes no reference to employees of a party, and further noting that provisions relating to employees in corresponding state statutes had gone virtually unused"). See also 8A Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice & Procedure: Civil 2d § 2233 at 473 (1994) (Rule 35 "does not authorize the examination of a person merely because he is an agent or employee of a party"). Although there have some proposals to expand the scope of Rule 35 to include employees of a party, thus far such proposals have been rejected. See 7 James W. Moore, et al., Moore's Federal Practice ¶ 35.06 at 35–25 (3d ed.1997). The purpose of the "person in the custody or under the legal control of a party" language in Rule 35 is to provide a court with a vehicle to order a parent or guardian suing for personal injuries on behalf of a minor to produce the minor for examination. *Id.* That type of situation clearly does not exist here.

Plaintiff, in arguing that Mr. Moore should be regard as a party for purposes of Rule 35(a), cites *Chancellor v. Boeing Co.,* 678 F.Supp. 250 (D.Kan.1988). In *Chancellor,* Judge Sam A. Crow held that an employee is a "party" under the predecessor of Kansas' version of Rule 4.2 of the Model Rules of Professional Conduct. 678 F.Supp. at 251–53. However, even as plaintiff acknowledges, *Chancellor* did not deal with Rule 35, but rather the issue of whether an attorney ethically could engage in *ex parte* communications with employees of an adverse corporate party. *Chancellor* clearly is distinguishable and thus unpersuasive in the present situation.

Plaintiff has not cited any case involving Rule 35 which stands for the proposition that Mr. Moore, as a non-party, can be compelled to undergo a physical examination of the sort she seeks. Nor has plaintiff suggested any basis beyond Rule 35 to justify such an examination. The Court is unpersuaded that, outside of Rule 35, it has any inherent power to order a physical examination of Mr. Moore. See 8A Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice & Procedure: Civil 2d § 2233 at 471 n. 8 (1994). But see *Dinsel v. Pennsylvania R.R. Co.,* 144 F.Supp. 880, 882 (W.D.Pa.1956) (case decided before the 1970 amendments to Rule 35; court relied on its "inherent power" to order physical examination of employee of party).

### IV. Conclusion and Order.

For all the foregoing reasons, plaintiff's motion for a physical examination of Mr. Moore is denied (**doc. 112**).

IT IS SO ORDERED.